

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Z. D. Allen
District Attorney
Wichita Falls, Texas

Dear Sir:

Attention: Elmer H. Parish

Opinion No. 0-3525
Re: Under the facts set forth,
has the constable collected
the fines so as to entitle
him to the 5% commission
referred to in Article 961,
C. C. P.?

We acknowledge receipt of your letter of May 10, 1941, requesting an opinion of this Department on the above stated question.

We quote from your letter as follows:

"Art. 961 of the Code of Criminal Procedure of the State of Texas provides: 'The sheriff or other officer, except a justice of the peace or his clerk, who collects money for the State or county, except jury fees, under any provision of this Code, shall be entitled to retain five per cent thereof when collected.'

"C. H. Clark, the present constable of precinct one, Wichita County, Texas, has arrested various persons for misdemeanor violations of the law. He has carried them before the justice of the peace, and they have entered pleas of guilty. The court assessed fines; and while they are still in custody of the constable and in the presence of the justice of the peace, they

Hon. Z. D. Allen, page 2

have paid their fines to the court. The constable claimed a five per cent commission on the amount of the fines so paid, and the justice of the peace refused to pay it.

"Question: Eas the constable, C. E. Clark, collected the fines so as to entitle him to the five per cent commission referred to in Article 951, C.C.P.?

"I have attempted to brief this question, but I am unable to find any cases where this question has been decided by our courts. The only case that I find under this article is McLennan County v. Boggess, et al, 137 S. W. 346, and 139 S. W. 1054.

"These cases were decided before the law was amended to except justice of the peace from being entitled to said 5% commission. Both cases hold that both the justice of the peace and the constable are not entitled to the 5% commission, but they do not discuss under what condition the constable would be entitled to it."

Article 949, Code of Criminal Procedure, reads as follows:

"Money collected by an officer upon recognizances, bail bonds and other obligations recovered upon in the name of the State under any provision of this Code, and all fines, forfeitures, judgments and jury fees, collected under any provision of this Code, shall forthwith be paid over by the officers collecting the same to the county treasurer of the proper county, after first deducting therefrom the legal fees and commissions for collecting the same."

On February 4, 1918, this Department held in a conference opinion written by Honorable C. W. Taylor, Assistant Attorney General, that the sheriff is entitled to five per cent (5%) commission on trial fees which he actually collected.

On April 5, 1932, this Department held in a letter opinion written by Honorable Willis Gresham, Assistant Attorney General, that the sheriff was entitled to a commission of five per cent (5%) on all trial fees actually collected by him.

Hon. Z. D. Allen, page 3

In opinion No. O-868, this Department hold that a sheriff or constable would be entitled to his usual five per cent (5%) collection fee on the trial fee in the justice court, if he actually collected the trial fee, as well as on the fine in said court, if he actually collected the fine in said court.

Before paying over the amount of the fine which has been collected in the name or for the use of the State or county, the officers who are responsible for the collection are entitled to deduct as commissions fifteen per cent (15%)of the amount--ten per cent (10%) for the district or county attorney, and five per cent (5%) for the clerk of court or other officer charged by law with the collection of the fine. -- Texas Jurisprudence, Vol. 19, page 655.

In the case of McLennan County v. Boggess, et al, 137 S. W. 346, under the finding of facts set out in said case, it is stated that:

"With regard to the collection of fines, forfeitures, or money due the state or county, while Article 1013, Code of Criminal Procedure, (now Art. 916, C.C.P.) charges justices of the peace with the duty of collecting money, within the meaning of articles 1010, 1011, and 1012 of the Code of Criminal Procedure, (these articles are now respectively 915, 916 and 917 of the Code of Criminal Procedure) which relate to the collection of money in the name of the state, and the report thereof to the respective district courts of their several counties, and of money collected for the county to the commissioners' court for each county, and prescribing the nature of such report, it is clear that the exercise of such duty of collection means only their authority to receive the money from the person adjudged to pay, or from the officer by whom it is in fact collected, and pay over to the proper source. . .

"The courts of this state have adopted the rule of construing strictly these statutes prescribing fees for public officers and against permitting such fees by implication as regards both the fixing of the fees and the officer who is to receive them. . . 'No public officer can withdraw from the state treasury, or impede in its course to the treasury, any money without a law authorizing him to do so, and clearly fixing the amount.' " (Parenthesis ours)

With reference to the question under consideration, we think that the controlling factor is whether or not the constable actually collected the fine or fines on which he is claiming the five per cent (5%) commission referred to in Article 951, Code of Criminal Procedure. Under the facts stated in your letter, it is apparent that the constable did not collect the fines above mentioned but was merely present when the defendants paid their fines to the justice of the peace. It is further apparent that the constable performed no service whatsoever in connection with the collection of said fines. Therefore, under the above stated facts, we respectfully answer the above stated question in the negative.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED JUN 5, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

AW:M

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

